UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ERICKA BANKS,
INDIVIDUALLY AND ON BEHALF
OF ALL OTHERS SIMILARLY SITUATED

CIVIL ACTION NO.

19-375-JWD-EWD

VERSUS

KOTTEMANN LAW FIRM

## NOTICE AND ORDER

Erica Banks ("Plaintiff") filed a Motion for Leave to Conduct Discovery ("Motion for Leave"),[1] seeking to propound discovery on Defendant Kottemann Law Firm ("Defendant"), which has not answered Plaintiff's Class Action Complaint ("Complaint")[2] despite service and the Clerk's entry of default.[3] Per the Motion for Leave, Plaintiff asserts that she "does not wish to abandon her putative class claims" and "intends to seek discovery from Defendant to establish the factors necessary for class certification under FRCP 23."[4]

On December 5, 2019, the Court issued a Ruling and Order ("December 5 Order")[5] granting the Motion for Leave, and ordered Plaintiff to submit any proposed written discovery or deposition notice to be propounded on Defendant to the Court.[6] The Court instructed that the "proposed discovery must be narrowly tailored and relevant to establish the factors necessary for class certification under Federal Rule of Civil Procedure 23."[7] The Court advised it would review

---

[1] R. Doc. 12.

[2] R. Doc. 1. Plaintiff, individually and on behalf of purported class members, who also received similar letters from Defendant, filed a Complaint against Defendant alleging violations of the Fair Debt Collection Practices Act ("FDCPA").

[3] R. Docs. 6, 9.

[4] R. Doc. 12, ¶ 7.

[5] R. Doc. 13.

[6] R. Doc. 13, p. 6.

[7] R. Doc. 13, p. 6.

the proposed discovery and determine whether it meets the requirements of the December 5 Order.[8]

Plaintiff filed a Submission in Accordance with this Court's Order ("Submission"), along with proposed written discovery and a proposed deposition notice, on December 13, 2019.[9] Specifically, Plaintiff attached the following proposed discovery she intends to propound on Defendant: (1) Interrogatories,[10] (2) Requests for Production of Documents,[11] (3) Requests for Admission,[12] and (4) Notice of Deposition Pursuant to FRCP 30(B)(6)[13] (collectively, the "Proposed Discovery").

The Court reviewed Plaintiff's Submission and Proposed Discovery. Plaintiff's Submission asserts that the Proposed Discovery "focuses on two very narrow issues": (1) the number and identity of proposed class members based on the two class definitions in Plaintiff's Complaint, and (2) information pertaining to Defendant's net worth.[14] Both of Plaintiff's class definitions are limited to "all individuals with addresses in the County of Ascension Parish in the State of Louisiana…"[15] Despite this, Plaintiff's Proposed Discovery seeks information, documents, and/or testimony from Defendant relating to the number of consumers "with an address in the State of Louisiana" to whom Defendant mailed a letter similar to those received by Plaintiff, *i.e.,* an over-collection letter or a collection letter overshadowing the individual's right to

---

[8] R. Doc. 12, p. 6.
[9] R. Doc. 14, and R. Docs. 14-1 through 14-4.
[10] R. Doc. 14-1.
[11] R. Doc. 14-2.
[12] R. Doc. 14-3.
[13] R. Doc. 14-4.
[14] R. Doc. 14, ¶ 2.
[15] R. Doc. 1, ¶ 35.

dispute the debt.[16]  Accordingly, the Proposed Discovery is not narrowly tailored to establish the factors necessary for class certification under Federal Rules of Civil Procedure 23, especially considering the class allegations and definitions used in Plaintiff's Complaint.[17]

Likewise, Plaintiff's proposed Requests for Production of Documents are not sufficiently limited. Specifically, Plaintiff seeks Defendant's tax returns, financial statements, and balance sheets dating back to 2017.[18]  While the Court recognizes that Defendant's net worth is relevant for the purpose of determining class-wide statutory damages under 15 U.S.C. § 1692k(a)(2)(B), Plaintiff's requests could be more narrowly tailored and still accomplish Plaintiff's stated purpose. Defendant's 2018 tax returns and 2019 financial statements and balance sheets should be enough to allow Plaintiff to establish Defendant's present net worth.

Notwithstanding the foregoing, the Court will permit Plaintiff to propound the Proposed Discovery with modifications consistent with this Order.

Accordingly,

**IT IS ORDERED** that Plaintiff is permitted to propound the Proposed Discovery on Defendant after modifying the Proposed Discovery as follows:

Prior to propounding the Proposed Discovery, Plaintiff shall **REMOVE** (1) proposed Interrogatories 3, 5, and 6; (2) proposed Requests for Admission 10, 12 and 14; and (3) proposed Notice of Deposition topics 8, 10, and 11; and shall **MODIFY** (1) proposed Interrogatory 8 and proposed Request for Production of Documents 6 to delete references to the removed discovery

---

[16] *See* R. Doc. 14-1, at proposed Interrogatories 3, 5, 6, and 8 (incorporating Interrogatories 5 and 6 by reference); R. Doc. 14-2, at proposed Requests for Production 6 (incorporating Interrogatories 5 and 6 by reference); R. Doc. 14-3, at proposed Requests for Admission 10, 12, and 14; and R. Doc. 14-4, at proposed Notice of Deposition topics 8, 10, and 11.

[17] According to R. Doc. 1, ¶¶35(a) and (b) the proposed class is limited to Ascension Parish such that statewide information is not relevant or proportional.

[18] R. Doc. 14-2, at proposed Requests for Production 1, 2, and 3.

requests, (2) proposed Request for Production of Documents 1 to remove 2017, and (3) proposed Requests for Production of Documents 2 and 3 to remove 2017 and 2018.

Signed in Baton Rouge, Louisiana, on January 13, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**